(20 Misc. Rep. 225.)

TRENKMANN v. SCHNEIDER.

(City Court of New York, General Term.  May 11, 1897.)

TRIAL—VERDICT AGAINST WEIGHT OF EVIDENCE.

A verdict that plaintiff is not entitled to any damages for the conversion of steam by defendant is against the weight of evidence, where it appears that defendant, without plaintiff's knowledge or consent, used plaintiff's steam for several years, and there is evidence that the value of the steam so used was nearly $490 a year.

Appeal from trial term.

Action by August Trenkmann against Minnie L. Schneider. From a judgment entered on a verdict in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Edward S. Clinch, for appellant.
Theodore Sutro, for respondent.

McCARTHY, J.  This is an appeal from a judgment on a most peculiar verdict of a jury, and upon which the court ordered judgment to be entered for the plaintiff, and to which the plaintiff duly excepted.  The action was one for conversion of a quantity of steam taken between the years 1891 and 1893 by the wrongful tapping and inserting of a certain pipe into the regular pipe provided for the use of the tenants in the premises owned by the plaintiff, and portions of which were leased to the defendant, and thus using during said period steam, without the knowledge or consent of the plaintiff.  While the lease was admitted in evidence, the covenants therein had nothing to do with the case, since a breach of these covenants would not justify the taking and using of the steam in the manner and method alleged.  The defendant, of course, would have his remedy for breach of such contract, but not in this way.  The only question, then, was whether any steam had been taken and converted, and was it taken with the knowledge and consent of the plaintiff?  The defendant, however, admitted by her amended answer that she tapped the regular pipe with a one-inch pipe, and thus obtained and used steam not provided for under the terms of her lease.  This she corroborates by the testimony of Rudolph Schneider, her agent, that the same was used and converted between December, 1891, and April, 1893, but claims that it was with the knowledge and consent of the plaintiff.  But the jury have found on the disputed facts that the defendant did tap the pipe without the knowledge, and therefore without the consent, of the plaintiff.

The only point at issue being thus disposed of favorably to the plaintiff, the next question to be determined by them is, what are the damages? But the jury, although finding in favor of the plaintiff on the principal issue, say that the plaintiff is not entitled to any damages. But the defendant admits the use of this steam for over two years, and Henry Trenkmann, son of the plaintiff, testifies how he arrives at the value of the steam, and says:

"The cost of steam is measured by figuring the amount of coal we can consume, the amount of the water, oil, salaries, small disbursements, and other expenses. Those are figured up, and we find out how many horse power we deliver to him, and how much it costs us. It ultimately depends upon the cost per horse power developed by the boiler and engine, and the value of that horse power is generally estimated at so much a year. Live steam is $70 per year. It was live steam that was to be furnished Mrs. Schneider under the terms of the lease to which reference has been made."

And, again, Richard Carter, a witness for the plaintiff, says:

"I am the chief engineer in the employ of Mr. August Trenkmann, and have been three years. I have passed an examination as to my qualifications as an engineer before the boiler inspection board of this city, and I have also received a diploma from Cooper Union for mechanical drawings in the engineering department. I am somewhat familiar with his plant, and with this exhibit of pipe that is before me. I am able to state how much horse power could be developed by steam passing from a boiler in which the pressure was at least 60 pounds to the square inch, and passing through a one-inch pipe. The amount is seven horse power."

If there was used seven horse power per year in this place, and its value was $70 per year for one horse power, it would make $490; and this would be so much more for the number of years admitted by the defendant. But the jury were not bound to take these figures. They could find in such sum as the evidence might warrant. Having found in favor of the plaintiff on the principal issue, and taking in consideration the conceded facts, they must find in some sum in favor of the plaintiff. The verdict was against the evidence,—the weight of evidence,—and against the logical consequences of the finding for the plaintiff on the principal issue.

The judgment must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.